46 F.3d 1125
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
MYRTLE BEACH PIPELINE CORPORATION, d/b/a Myrtle Beach
Pipeline Company; Davidson Pipeline Corporation,
d/b/a Myrtle Beach Pipeline Company;
Standard Southern Corporation,
Plaintiffs--Appellants,
and
RELIANCE INSURANCE COMPANY, INC,; Allianz Insurance
Company, Plaintiffs,
v.
EMERSON ELECTRIC CO., Defendant--Appellee.
RELIANCE INSURANCE COMPANY, INC., Plaintiff--Appellant,
and
MYRTLE BEACH PIPELINE CORPORATION, d/b/a Myrtle Beach
Pipeline Company; Davidson Pipeline Corporation, d/b/a
Myrtle Beach Pipeline Company; Standard Southern
Corporation; Allianz Insurance Company, Plaintiffs,
v.
EMERSON ELECTRIC CO., Defendant--Appellee.
 Nos. 94-1063, 94-1064.
 United States Court of Appeals, Fourth Circuit.
 Argued Sept. 28, 1994.
Decided Jan. 17, 1995.
 
 ARGUED: Robert Wayne Genzman, AKERMAN, SENTERFITT & EIDSON, P.A., Orlando, FL, for Appellants.
 Francis Horatio Brown, III, LEMLE & KELLEHER, L.L.P., New Orleans, LA, for Appellee.
 ON BRIEF: Harry L. Goldberg, FINKEL, GOLDBERG, SHEFTMAN & ALTMAN, P.A., Columbia, SC; W. Jefferson Leath, Jr., Timothy W. Bouch, Stephen P. Groves, Sr., YOUNG, CLEMENT, RIVERS & TISDALE, Charleston, SC, for Appellants.
 George A. Frilot, III, George Frazier, LEMLE & KELLEHER, L.L.P., New Orleans, LA, for Appellee.
 Before MURNAGHAN and WILLIAMS, Circuit Judges, and MICHAEL, United States District Judge for the Western District of Virginia, sitting by designation.
 PER CURIAM:
 
 
 1
 Myrtle Beach Pipeline ("Myrtle Beach") appeals the judgment of the district court, 843 F. Supp 1027 (D.S.C.1993), granting Emerson Electric Company's Motion for Partial Summary Judgment and denying Myrtle Beach's Motion for Partial Summary Judgment. The district court ruled, inter alia, that Myrtle Beach's negligence claim cannot be maintained under South Carolina's economic loss rule, and that the remedy of repair and replacement is the sole remedy to which Myrtle Beach is entitled under its breach of implied warranty claim. Upon review of the pleadings, the briefs, and the argument of counsel, we find no error, and affirm on the basis of the lengthy and thorough opinion below. This case is remanded to the district court for such further proceedings as may be appropriate.
 
 AFFIRMED AND REMANDED